# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEO BLAS, A/K/A LIOR BLAS,

        Appellant,

  v.

BANK OF AMERICA, N.A.,

        Appellee.

Case No. 3:24-cv-00030-SLG

## ORDER RE MOTION FOR STAY OF NONJUDICIAL FORECLOSURE WHILE ON APPEAL

Before the Court at Docket 9 is Appellant Leo Blas's Motion for Stay of Unauthorized Nonjudicial Foreclosure While on Appeal. Appellee Bank of America, N.A. ("BANA") opposes Mr. Blas's motion.[1] Although Mr. Blas requested a hearing on the motion,[2] it was unnecessary to the Court's determination.[3] For the reasons set forth below, Mr. Blas's motion for a stay is **DENIED**.

## BACKGROUND

On March 2, 2023, the Bankruptcy Court dismissed Mr. Blas's bankruptcy case, finding that Mr. Blas had filed the Chapter 13 proceeding in bad faith and had made material representations to that Court.[4] Mr. Blas appealed the dismissal

---

[1] Docket 11.

[2] Docket 9 at 3.

[3] *See* Fed. R. Bankr. P. 8019(b)

[4] *In re Blas*, Case No. 22-00100-GS Docket 88 at *6–9 (Bankr. D. Alaska Mar. 2, 2023).

to this Court.[5]

Subsequently, BANA filed a Motion for Relief from Stay in the Bankruptcy Court, seeking to proceed with a nonjudicial foreclosure of its deed of trust.[6] On January 16, 2024, while Mr. Blas's appeal of the dismissal of the Chapter 13 case was still pending before this Court, the Bankruptcy Court granted BANA's Motion for Relief from Stay.[7] The instant case is Mr. Blas's appeal of that order.

On March 20, 2024, this Court affirmed the Bankruptcy Court's dismissal of the Chapter 13 case and entered a final judgment in that case on that same day.[8] No appeal to the Ninth Circuit Court of Appeals regarding the dismissal and judgment was sought, and the time for Mr. Blas to have filed a notice of appeal has expired.[9]

On April 19, 2024, Mr. Blas filed the instant motion for a stay, seeking to enjoin BANA from foreclosing on its deed of trust pending his appeal of the January 16, 2024 Bankruptcy Court order that lifted the automatic stay.[10]

---

[5] *In re Blas*, Case No. 22-00100-GS Docket 89 (Bankr. D. Alaska Mar. 2, 2023); *Blas v. Jipping, et al.*, Case No. 3:23-cv-00051-JMK (D. Alaska Mar. 6, 2023).

[6] *In re Blas*, Case No. 22-00100-GS Docket 119 (Bankr. D. Alaska Sept. 22, 2023).

[7] Docket 1-3.

[8] Docket 7; *Blas v. Jipping, et al.,* Case No. 3:23-cv-00051-JMK Dockets 16 & 17 (D. Alaska Mar. 20, 2024).

[9] 28 U.S.C. § 158(d)(2)(E).

[10] Docket 9.

Case No. 3:24-cv-00030-SLG
Order Re Stay of Non-Judicial Foreclosure While on Appeal
Page 2 of 4
Case 3:24-cv-00030-SLG   Document 14   Filed 08/07/24   Page 2 of 4

## LEGAL STANDARD

When an appellate court cannot grant effective relief to an appellant, the appeal must be dismissed as moot.[11] "The jurisdiction of federal courts is limited to actual cases and controversies."[12] "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot."[13]

## DISCUSSION

Since the entry of the order by the District Court in March 2023, affirming the dismissal of the Chapter 13 case, there has been no automatic stay in effect.[14] BANA points to *Ellis v. Ellis v. Yu (In re Ellis)* for the proposition that when a debtor seeks appellate review of an order granting relief from the automatic stay, and subsequent events have terminated the automatic stay, the appellate court lacks jurisdiction to grant any effective relief.[15]

As such, the finalized dismissal of the underlying Chapter 13 proceeding has mooted the issue of whether this Court should issue a stay of the Bankruptcy

---

[11] *Pitts v. Terrible Herbst, Inc.,* 653 F.3d 1081, 1087 (9th Cir. 2011) ("[i]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.").

[12] *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (citing U.S. Const. art. III, § 2, cl. 1).

[13] *Id.* (quoting *Felster Publ'g v. Burrell* (*In re Burrell*), 415 F.3d 994, 998 (9th Cir.2005)).

[14] *Bigelow v. Comm'r*, 65 F.3d 127, 129 (9th Cir. 1995); *see also* Docket 1-3 at 3.

[15] Docket 11 at 4–5 (citing 523 B.R. 673, 677 (B.A.P. 9th Cir. 2014)).

Case No. 3:24-cv-00030-SLG
Order Re Stay of Non-Judicial Foreclosure While on Appeal
Page 3 of 4
Case 3:24-cv-00030-SLG   Document 14   Filed 08/07/24   Page 3 of 4

Court's order according BANA relief from the stay, as there no longer is any automatic stay in effect.[16]

## CONCLUSION

For the foregoing reasons, the motion for a stay at Docket 9 is **DENIED.**[17]

IT IS SO ORDERED this 7th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] *In re Davis*, 177 B.R. 907, 912–13 (B.A.P. 9th Cir. 1995) ("dismissal of the underlying case renders moot a motion for prospective relief regarding the stay."), *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982) (explaining that once the bankruptcy was dismissed the bankruptcy court could no longer order a stay.).

[17] By separate filing, this Court is issuing a Notice of Intent to Dismiss for lack of jurisdiction as to this appeal.

Case No. 3:24-cv-00030-SLG
Order Re Stay of Non-Judicial Foreclosure While on Appeal
Page 4 of 4
Case 3:24-cv-00030-SLG   Document 14   Filed 08/07/24   Page 4 of 4