IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LEO BLAS, A/K/A LIOR BLAS,

        Appellant,

    v.

BANK OF AMERICA, N.A.,

        Appellee.

Case No. 3:24-cv-00030-SLG

## ORDER OF DISMISSAL

At Docket 15, the Court issued a Notice of Intent to Dismiss, expressing the Court's "concern that this appeal in its entirety may be moot." Appellant, Leo Blas, and Appellee, Bank of America, N.A. ("BANA"), were permitted to provide written briefs on the issue. Mr. Blas responded at Docket 16; BANA did not respond. Although Mr. Blas requested a hearing on the motion,[1] it was unnecessary to the Court's determination.[2] For the reasons set forth below, Mr. Blas's appeal is moot and this action is therefore **DISMISSED**.

## BACKGROUND

Mr. Blas's current appeal is part of a decade-long dispute between Mr. Blas and BANA over property located at 24245 Temple Drive, Chugiak, AK 99567.[3] In

---

[1] Docket 16 at 1, 5.

[2] *See* Fed. R. Bankr. P. 8019(b).

[3] Docket 11 at 2.

an order filed in March 2023, the United States Bankruptcy Court for the District of Alaska provided a procedural overview of the bankruptcy proceedings and took judicial notice of three unreported Alaska Supreme Court decisions regarding this dispute: *Blas v. Bank of America, N.A.*, 2017 WL 1379317 (Alaska Apr. 12, 2017), *Blas v. Bank of America, N.A.*, 2019 WL 1199170 (Alaska Mar. 13, 2019), and *Blas v. Bank of America, N.A.*, 2019 WL 5061383 (Alaska Oct. 9, 2019).[4] The Bankruptcy Court explained that Mr. Blas originally filed for bankruptcy under Chapter 13 to prevent foreclosure on his residence following the three Alaska Supreme Court decisions.[5]

The original Chapter 13 proceeding was converted to a Chapter 7 liquidation, and the Bankruptcy Court eventually entered a Chapter 7 discharge.[6] The Bankruptcy Court then granted BANA's request for relief from the automatic stay imposed by the Chapter 7 discharge, noting that "[Mr. Blas's] repeated refusal to acknowledge the courts' rejection of his arguments against BANA's foreclosure evidences an intent to unreasonably deter and harass BANA, and is further proof of his bad faith in pursuing this case."[7] Mr. Blas appealed, and the decision to lift

---

[4] *In re Blas*, Case No. 22-00100-GS Docket 88 at *1 (Bankr. D. Alaska Mar. 2, 2023).

[5] *In re Blas*, Case No. 22-00100-GS Docket 88 at *1 (Bankr. D. Alaska Mar. 2, 2023).

[6] *In re Blas*, Case No. 17-00411-GS Docket 183 at *1 (Bankr. D. Alaska Feb. 13, 2019); *In re Blas*, Case No. 17-00411-GS Docket 221 at *1 (Bankr. D. Alaska May 31, 2019); *see also In re Blas*, Case No. 22-00100-GS Docket 88 at *2 (Bankr. D. Alaska Mar. 2, 2023).

[7] *In re Blas*, 614 B.R. 334, 343 (Bankr. D. Alaska Dec. 17, 2019), *aff'd sub nom. Blas v. Bank of Am., N.A.*, Case No. 3:19-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

the stay in that proceeding was affirmed by this Court.[8] The original proceeding remains open in the Bankruptcy Court.[9]

In October 2020, the Bankruptcy Court held a hearing regarding a Motion for Approval of Stipulation Between the Bankruptcy Trustee and BANA, which the Bankruptcy Court granted.[10] Mr. Blas appealed that Bankruptcy Court decision to this Court, which affirmed the Bankruptcy Court's order.[11] Dissatisfied, Mr. Blas appealed this Court's decision to the Ninth Circuit, which similarly affirmed.[12]

In May 2022, Mr. Blas commenced an adversary proceeding against BANA in the Chapter 7 case, where he sought to enjoin BANA's pending nonjudicial foreclosure of the Chugiak property.[13] Before the Bankruptcy Court ruled in the adversary proceeding, Mr. Blas filed yet another case, a second Chapter 13 reorganization.[14] The Bankruptcy Court ultimately dismissed Mr. Blas's Chapter 7

---

[8] *Blas*, 2020 WL 10319361, at *2–3.)

[9] The Court notes that on June 4, 2024, the Bankruptcy Court issued an Order Denying Motion for Violation of the Discharge in the original proceeding. The order explains that the bankruptcy trustee has submitted his final report, the Bankruptcy Court entered an order approving the final report but "[t]he case only remains open due to Blas's pending appeals." *In re Blas*, Case No. 17-00411-GS Docket 415 at *2 (Bankr. D. Alaska Jun. 4, 2024).

[10] *In re Blas*, Case No. 17-00411-GH Docket 316 at *1 (Bankr. D. Alaska Oct. 16, 2020).

[11] *Blas v. Bank of Am., N.A.*, Case No. 3:20-CV-00271-RRB, 2021 WL 4433166, at *1 (D. Alaska Sept. 27, 2021), *aff'd sub nom. Blas v. Bank of Am., NA,* Case No. 21-35832, 2023 WL 4703173 (9th Cir. July 24, 2023).

[12] *Blas v. Bank of Am., NA,* Case No. 21-35832, 2023 WL 4703173, at *1 (9th Cir. July 24, 2023).

[13] *Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 1 (Bankr. D. Alaska May 12, 2022), *see also In re Blas* Case No. 22-00100 Docket 88 at *2 (Bankr. D. Alaska Mar. 2, 2023).

[14] *In re Blas* Case No. 22-00100 Docket 88 at *2–3 (Bankr. D. Alaska Mar. 2, 2023).

adversary proceeding, which left the second Chapter 13 reorganization proceeding from which this appeal originates.[15]

In October 2022, the Chapter 13 Trustee, Nacole Jipping, filed a Motion to Dismiss Case and Bar Re-Filing Bankruptcy for 180 Days, asserting that Mr. Blas had filed the second Chapter 13 proceeding in bad faith.[16] Mr. Blas opposed the Trustee's motion.[17] On March 2, 2023, the Bankruptcy Court granted the Trustee's Motion to Dismiss, finding that Mr. Blas had filed the Chapter 13 proceeding in bad faith and had made material misrepresentations to the Bankruptcy Court.[18] Mr. Blas appealed the dismissal of his second Chapter 13 proceeding to this Court.[19]

While that appeal was pending, the parties filed additional motions with the Bankruptcy Court. First, on September 22, 2023, BANA filed a Motion for Relief from Stay, seeking to proceed with a nonjudicial foreclosure of the Chugiak Property.[20] And second, on October 2, 2023, Mr. Blas filed a Motion to Dismiss

---

[15] *Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 48 at *6 (Bankr. D. Alaska Sept. 1, 2022) (granting in part BANA's motion to dismiss Chapter 7 adversarial proceedings); *Blas v. Bank of Am., N.A.*, Case No. 22-90003 Docket 80 at *4–6 (Bankr. D. Alaska Mar. 1, 2023) (finding that the bankruptcy court did not have jurisdiction to hear Mr. Blas's statute of limitations challenge to BANA's nonjudicial foreclosure); *see also In re Blas*, Case No. 22-00100 Docket 88 at *3 (Bankr. D. Alaska Mar. 3, 2023).

[16] *In re Blas*, Case No. 22-00100-GS Docket 39 at *1–2 (Bankr. D. Alaska Oct. 11, 2022).

[17] *In re Blas*, Case No. 22-00100-GS Docket 61 at *1 (Bankr. D. Alaska Oct. 31, 2023).

[18] *In re Blas*, Case No. 22-00100-GS Docket 88 at *6–9 (Bankr. D. Alaska Mar. 2, 2023).

[19] *In re Blas*, Case No. 22-00100-GS Docket 89 (Bankr. D. Alaska Mar. 2, 2023); *Blas v. Jipping*, Case No. 3:23-cv-00051-JMK, 2024 WL 1199715, at *1 (D. Alaska Mar. 20, 2024).

[20] *In re Blas*, Case No. 22-00100-GS Docket 119 (Bankr. D. Alaska Sept. 22, 2023).

and Motion to Show Cause and Motion for 362(k) Sanctions.[21]  On January 16, 2024, while Mr. Blas's appeal of the Chapter 13 dismissal was still pending, the Bankruptcy Court issued an "Order 1) Denying [Mr. Blas's] Motion to Dismiss and Motion to Show Cause and Motion for 362(k) Sanctions . . . and 2) Granting [BANA's] Motion for Relief from Stay."[22]  The Bankruptcy Court noted that the pendency of the appeal of the Chapter 13 dismissal in conjunction with the motion practice created a "strange procedural posture where the bankruptcy should be concluded, but is not."[23]  The Bankruptcy Court found that BANA was entitled to relief from the stay because Mr. Blas had filed the Chapter 13 proceeding in bad faith.[24]  The Bankruptcy Court also found that Mr. Blas's assertions were "frivolous" and "unpersuasive" in denying Mr. Blas's motions.[25]  Mr. Blas promptly appealed the January 16, 2024, order to the District Court.[26]  It is this order that is the subject of this appeal.

Roughly two months later, on March 20, 2024, this Court affirmed the Bankruptcy Court's March 2, 2023, decision to dismiss the underlying Chapter 13

---

[21] *In re Blas*, Case No. 22-00100-GS Docket 123 (Bankr. D. Alaska Oct. 2, 2023).

[22] Docket 1-3 at 1.

[23] Docket 1-3 at 3.

[24] Docket 1-3 at 3.

[25] Docket 1-3 at 4–5.

[26] Docket 1-2 at 1.

proceeding and entered a final judgment.[27] This Court's decision was not appealed to the Ninth Circuit and the time to appeal that decision has expired.[28]

Recently, BANA filed a complaint in this Court seeking Judicial Foreclosure and Declaratory Relief against Mr. Blas and anyone else who claims an interest in the Chugiak Property.[29] As of the issuance of this order, no response to BANA's complaint has been filed.

## LEGAL STANDARD

This Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). The Court reviews findings of fact using "the clearly erroneous standard, and conclusions of law, *de novo*."[30]

## DISCUSSION

The Court previously explained that the finalized dismissal of the Chapter 13 proceeding appears to have mooted the sole issue in this appeal: whether the Bankruptcy Court's decision to lift the automatic stay in January 2024 was appropriate.[31] Mr. Blas contends that "[t]he dismissal of the bankruptcy case does not moot this appeal because the stay relevant to asset [sic] of the bankruptcy

---

[27] *Blas v. Jipping*, Case No. 3:23-cv-00051-JMK, 2024 WL 1199715 (D. Alaska Mar. 20, 2024).

[28] *See* Fed. R. App. P. 4(a)(1)(A), & Fed. R. App. P. 6(b)(1).

[29] *Bank of Am., N.A v. Blas*, Case No. 3:24-cv-00183-SLG Docket 1.

[30] *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir. 1990).

[31] Docket 14 at 3–4.

estate remains in effect."[32]  Mr. Blas asserts that the bankruptcy estate in the Chapter 13 proceeding acquired ownership of the Chugiak property pursuant to 11 U.S.C. § 1306(a)(1) when it was abandoned by the Chapter 7 trustee.  He further asserts that the "residence has not been abandoned by the chapter 13 estate and remains property of that bankruptcy estate."[33]  Mr. Blas is mistaken.

"The jurisdiction of federal courts is limited to actual cases and controversies."[34]  "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot."[35]

An appeal of a bankruptcy court decision becomes moot if the underlying bankruptcy case as a whole is dismissed.  For example, in *In re Davenport*, the Ninth Circuit held that an appeal originally from the bankruptcy court regarding a plan to reorganize became moot because the underlying bankruptcy case was dismissed while the appeal was pending.[36]  Similarly, the Court finds that Mr. Blas's appeal of the Bankruptcy Court's decision to lift the automatic stay became moot

---

[32] Docket 16 at 2.

[33] Docket 16 at 1; *see also In re Blas*, Case No. 22-00100-GS Docket 117 (Bankr. D. Alaska Jul. 27, 2023).

[34] *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (citing U.S. Const. art. III, § 2, cl. 1).

[35] *In re Thorpe Insulation Co.*, 677 F.3d at 880 (quoting *Felster Publ'g v. Burrell* (*In re* Burrell), 415 F.3d 994, 998 (9th Cir. 2005)).

[36] 40 F.3d 298, 299 (9th Cir. 1994) ("This matter has become moot . . . because of the dismissal of the bankruptcy action . . . .").

when the dismissal of the underlying Chapter 13 proceeding became final at the conclusion of the appeal. In March 2024, the automatic stay against property of the estate terminated because the dismissal of the bankruptcy proceedings divested the estate of the property.[37] Thus, the finalized dismissal of the underlying Chapter 13 proceeding in March 2024 has mooted the issue of whether relief from automatic stay should have been granted in January 2024 when the appeal was still then pending.[38]

Mr. Blas's main contention is based on the Bankruptcy Court's July 27, 2023 order, which stated that "Bank of America violated that automatic stay in this case when it recorded its Amended Notice to commence its latest foreclosure proceeding against Blas' residence."[39] But BANA subsequently filed its Motion for Relief From Stay, which the Bankruptcy Court granted on January 6, 2024 (and is

---

[37] 11 U.S.C. § 362(c)(1) ("[T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate . . . ."); 11 U.S.C. § 349(b)(3) ("Unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."); *see also In re Aheong*, 276 B.R. 233, 239 (B.A.P. 9th Cir. 2002) ("Dismissal allows creditors and debtors to get on with their non-bankruptcy business and resolve their disputes in appropriate fora. Among other things, dismissal generally ends the automatic stay . . . ."); *In re Thomason*, 647 B.R. 566, 574 (Bankr. D. Idaho 2022) ("Pursuant to § 362(c)(1), the stay of an act against property of the estate under § 362(a) continues until such property is no longer property of the estate. The bankruptcy estate, in turn, ceases to exist upon dismissal of the bankruptcy case.").

[38] *See In re Davis*, 177 B.R. 907, 912–13 (B.A.P. 9th Cir. 1995) ("[D]ismissal of the underlying case renders moot a motion for prospective relief regarding the stay . . . ."); *In re Income Prop. Builders, Inc.*, 699 F.2d 963, 964 (9th Cir. 1982) (explaining that once the bankruptcy was dismissed, the bankruptcy court could no longer order a stay).

[39] *In re Blas*, Case No. 22-00100-GS Docket 117 at *2 (Bankr. D. Alaska Jul. 27, 2023).

the subject of this appeal).[40] The fact that BANA's previous attempt to foreclose on the Property violated the automatic stay is irrelevant because the stay was subsequently lifted. Mr. Blas's remaining assertions at Docket 16 are irrelevant to his current appeal and do not merit discussion.[41]

## CONCLUSION

For the reasons stated above Mr. Blas's appeal is **DISMISSED**. The Clerk of Court shall enter a final judgment accordingly.

DATED this 13th day of September 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[40] *In re Blas*, Case No. 22-00100-GS Docket 119 (Bankr. D. Alaska Sept. 22, 2023); *In re Blas*, Case No. 22-00100-GS Docket 138 (Bankr. D. Alaska Jan. 16, 2024).

[41] Mr. Blas asserts that: BANA violated the "discharge injunction" (presumably the automatic stay), that the debt owed to BANA is time barred, that BANA has failed to comply with unspecified federal regulations governing debts, that BANA wrongfully foreclosed, that Mr. Blas legally owns the property based on adverse possession, that the evidence on which BANA relies is inadmissible, and that counsel for BANA has violated the rules of professional conduct.